**Docket No. 15-56744**

*In the*

# United States Court of Appeals
*for the*
# Ninth Circuit

---

DALE HUHMANN,
an individual,
*Plaintiff-Appellee,*

v.

FEDERAL EXPRESS CORPORATION,
a Delaware corporation, dba Federal Express,
*Defendant-Appellant.*

_____

*Appeal from a Decision of the United States District Court for the Southern District of California,
Case No. 3:13-cv-00787-BAS-NLS · Honorable Cynthia A Bashant*

## DALE HUHMANN'S OPPOSITION TO FEDERAL EXPRESS CORPORATION'S MOTION FOR JUDICIAL NOTICE

BRIAN J. LAWLER, ESQ.
PILOT LAW, P.C.
1551 9th Avenue
San Diego, California 92101
(619) 255-2398 Telephone
(619) 231-4984 Facsimile

*Attorney for Plaintiff-Appellee,
Dale Huhmann, an individual*



## TABLE OF CONTENTS

INTRODUCTION ...............................................................................................1

ARGUMENT ....................................................................................................1

    A.    JUDICIAL NOTICE OF THE COLLECTIVE BARGAINING AGREEMENT IS NOT WARRANTED ...............................................2

CONCLUSION ..................................................................................................6

CERTIFICATE OF SERVICE ............................................................................7

i

# INTRODUCTION

Plaintiff-Appellee Dale Huhmann ("Huhmann") respectfully files his Opposition to Defendant-Appellant Federal Express Corporation's ("FedEx") Motion for Judicial Notice of the 2006 Collective Bargaining Agreement ("CBA"). Dkts 10-1 –10-10. In his First Amended Complaint ("FAC"), Huhmann did not allege that any provision of the CBA need be interpreted to adjudicate his claims, referring to it in passing in one single paragraph and the District Court did not consider the CBA in its Findings of Fact and Conclusions of Law in which it rendered a verdict in Huhmann's favor. FedEx's assertions to the contrary and its sudden reliance on Section 24 of the CBA as dispositive in this case are desperate attempts to fix its own procedural and evidentiary errors before trial and should be rejected.

# ARGUMENT

FedEx filed its Motion for Judicial Notice of the 2006 Collective Bargaining Agreement on March 23, 2016 (Dkts 10-1 –10-10) concurrently with its Opening Brief (Dkt 8-1), its Addendum in Support of Opening Brief (Dkt 8-2) and its Excerpts of Record (Dkts 9-1 – 9-4). All told, FedEx filed 879 pages of documents with this Court, 489 of which were associated with its Motion for Judicial Notice of a document not at issue in this case. Now all of a sudden, one particular section

is supposedly integral to FedEx's case, without any testimony from anyone about its contents, relevance or applicability to the Bonus Letter or Huhmann's claims.

### A. JUDICIAL NOTICE OF THE COLLECTIVE BARGAINING AGREEMENT IS NOT WARRANTED

FedEx is asking this Court to take judicial notice of a document that by its own admission it never included on an exhibit list, never produced during discovery and failed to admit into evidence in the District Court below. E.R. Tab 6, p. 147 ln. 19 – p. 148 ln. 17. Only now, more than three years into the litigation of this case, does FedEx make any reference to a specific section of the CBA that it asserts somehow relates to Huhmann's claims. Dkt 10-1. Material that was not filed with the district court, admitted into evidence or otherwise considered by the district court is not part of the record on appeal. *Kirshner v. Uniden Corp. of America*, 842 F.2d 1074, 1077 (9th Cir. 1988); *Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 594 (9th Cir. 2002). Judicial notice is not appropriate for matters open to interpretation, speculation, or other reasonable dispute. *J.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 440 (9th Cir. 2010). By its own admission, FedEx contends that the CBA and specifically Section 24 must be interpreted to properly resolve this case. Dkt 10-1, p.1. But this flies in the face of Ninth Circuit precedent cited above and the request should be denied.

Huhmann did not rely on the CBA in his FAC, including it by reference in only one paragraph and did not contest any terms of the CBA or plead that any

2

interpretation of the CBA is necessary to adjudicate his claims. E.R. Tab 2, ¶30. The District Court did not rely on the CBA when it issued its verdict in Huhmann's favor, merely referring to it in one footnote. E.R. Tab 12, p.14, n4. The signing bonus letter (E.R. Tab 4) contains all the terms and conditions of the signing bonus at issue and requires no interpretation; the plain language of the letter clearly sets forth the provisions by which the signing bonus would be paid.

Now at the 11th hour, FedEx has contrived some perceived controversy over Section 24 of the CBA to which it never referred for more than three years. Dkt 10-1. Section 24 purports to discuss the crew bidding system, which has no bearing at all on the Bonus Letter, its terms or whether Huhmann should have been paid the higher bonus due an MD-11 First Officer ("MD-11 F/O"). And regardless of what applicability FedEx thinks Section 24 has to this case, Huhmann should have been afforded the opportunity to dispute its contents and relevance to the claims at issue, making it wholly improper for judicial notice. See *J. W.,* 626 F.3d at 440 ("[a]lthough the existence of a document may be judicially noticeable, the…statements contained in the document…are not subject to judicial notice if those matters are reasonably disputable."); *Lee v. City of Los Angeles,* 250 F. 3d 668, 690 (9th Cir. 2001) (courts take judicial notice "not for the truth of the facts recited therein, but for the existence" of the document, "which is not subject to reasonable dispute over its veracity.")

3

This after-the-fact effort by FedEx to include the CBA as evidence in this case is a deliberate effort to obfuscate the real – and simple – issue before this Court; specifically but for his military service obligations, Huhmann would have been an MD-11 F/O and should have been paid the MD-11 F/O signing bonus. FedEx has unilaterally created this controversy over the CBA to draw attention away from the sole issue at bar and this Court should reject FedEx's desperate last-ditch efforts to get irrelevant documentation before this Court.

*Sizemore v. Pacific Gas & Elec. Retirement Plan,* 939 F.Supp.2d 987 (N.D. Cal. 2013) is a case very similar to the present case in which the defendant contended that one statute – the Employee Retirement Income Security Act ("ERISA") – was superseded by another – the Labor Management Relations Act ("LMRA") – and that the Court's interpretation of the CBA was essential to defendant's position. The defendant moved for judicial notice of the CBA (a motion which was unopposed, it is worth pointing out) and in a well-reasoned opinion, the Court denied defendant's request because, as here, Plaintiff did not rely on the CBA in his complaint despite defendant's self-serving assertion to the contrary. "Plaintiff disputes that his claim relies on the collective bargaining agreement. Because, as explained below, this order finds that plaintiff's claim does not rely on the collective bargaining agreement, judicial notice of the collective bargaining agreement is **DENIED**." *Id*. at 989 (emphasis in original). The analysis

below is nearly identical to the case at bar when "USERRA" is substituted for "pension plan."

> This action is brought to determine rights under [USERRA], not to determine rights under a collective bargaining agreement... Plaintiff makes no allegations that either his employer or his union breached the collective bargaining agreement. Furthermore, plaintiff asserts that his claim does not arise out of the collective bargaining agreement at all. At the hearing on the instant motion, defendants cited several paragraphs in plaintiff's complaint that they contend reference the collective bargaining agreement. These sections refer to the Letter Agreement or to the grievance brought by the union. They do not refer to the collective bargaining agreement directly and appear to have been included for background information only. Thus, this order finds that plaintiff's claim is not a disguised claim for breach of the collective bargaining agreement. Instead, it seeks a declaration of rights as to [USERRA].

*Id.* at 991.

FedEx has had three years to provide Huhmann with the CBA and Section 24 and never has. FedEx did not admit any part of the CBA into evidence nor elicit any testimony about its contents as they relate to the signing bonus letter, testimony that surely would have been subject to cross-examination and therefore subject to reasonable dispute. Whether Huhmann is "generally familiar" with the CBA is not at issue; of course he is and he does not dispute that the CBA exists. But FedEx is trying to get evidence before this Court that is irrelevant and which it failed to produce during this litigation and its antics should not be rewarded.

5

## CONCLUSION

For the reasons set forth above, Appellee respectfully requests that this Court deny FedEx's Motion for Judicial Notice.

Respectfully Submitted,

By: /s/ Brian J. Lawler                Dated: May 20, 2016.
    BRIAN J. LAWLER
    California Bar #221488
    PILOT LAW, P.C.
    1551 9th Avenue
    San Diego, CA 92101
    (866) 512-2465 (Phone)
    (619) 231-4984 (Fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2016, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

 s/ Kirstin E. Largent