**15-56744**

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

DALE HUHMANN,

Plaintiff and Appellee,

vs.

FEDERAL EXPRESS CORPORATION,

Defendant and Appellant.

_____

Appeal from a Final Judgment of the
U.S. District Court for the Southern District of California, San Diego
Hon. Cynthia Bashant, Presiding
(U.S.D.C. Case No. 3:13-cv-00787-BAS-NLS)
_____

**APPELLANT'S REPLY BRIEF**
_____

Jane M. Flynn
FEDERAL EXPRESS CORPORATION
2601 Main Street, Suite 340
Irvine, CA 92614
(949) 862-4643

Attorney for Defendant and Appellant
FEDERAL EXPRESS CORPORATION

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................iv

I.    HUHMANN ALLEGED FEDEX DISCRIMINATED AGAINST HIM IN VIOLATION OF 38 U.S.C. § 4311(a). THE DISTRICT COURT FOUND FEDEX VIOLATED § 4311(a) ........................................................................1

II.   THE DISTRICT COURT ERRED WHEN IT RELIED ON §§ 4312 AND 4313 TO FIND DISCRIMINATION OCCURRED. THE CLAIM FOR A LARGER BONUS SHOULD BE ANALYZED UNDER § 4316 BECAUSE THE BONUS WAS EARNED WHILE HUHMANN WAS ON HIS MILITARY LEAVE................................................................3

      A.   Sections 4312 and 4313 serve a different purpose and have different requirements than § 4311................................3

      B.   Sections 4312 and 4313, their regulations and case law interpreting these statutes are inapplicable to Huhmann's claim for discrimination. .................................................5

      C.   Because the signing bonus was a benefit earned while Huhmann was on a military leave of absence, it falls under § 4316 ...........................................................................7

      D.   The district court erred when it applied the escalator provision from § 4313 and found Huhmann was entitled to a larger signing bonus as a result .......................................8

      E.   Section 4316 treats seniority-based and non-seniority-based benefits differently. The district court erred by not determining whether the signing bonus was a seniority-based benefit................................................................10

III.  FEDEX DID NOT DISCRIMINATE AGAINST HUHMANN WHEN IT PAID HIM THE SMALLER SIGNING BONUS......................14

IV.   HUHMANN'S CLAIM HE WAS ENTITLED TO A LARGER BONUS RAISED A MINOR DISPUTE UNDER THE RAILWAY LABOR ACT AND WAS SUBJECT TO MANDATORY ARBITRATION ................................................18

V.    PAYMENT OF IMPUTED INCOME INTO A PENSION FUND BASED ON RETROACTIVE MD-11 FIRST OFFICER STATUS IS IRRELEVANT TO HUHMANN'S CLAIM FOR DISCRIMINATION ...........................................................22

VI.   HUHMANN'S PASSAGE OF THE MD-11 FIRST OFFICER TRAINING CANNOT SATISFY BOTH THE HINDSIGHT

AND THE FORESIGHT PARTS OF THE REASONABLE CERTAINTY TEST ..................................................................22

III. CONCLUSION.............................................................................23

IV. CERTIFICATE OF COMPLIANCE ..........................................24

# **TABLE OF AUTHORITIES**

## **CASES**

*Addington v. US Airline Pilots Ass'n*
 791 F.3d 967 (9th Cir. 2015) .................................................................18

*Association of Prof'l Flight Attendants v. American Airlines*
 1998 U.S. App. LEXIS 22353 (9th Cir. 1988) ....................................19

*Austin v. Sears, Roebuck & Co.*
 504 F.2d 1033 (9th Cir. 1974) .............................................................13

*Carder v. Continental Airlines, Inc.*
 2013 U.S. Dist. LEXIS 121131 (S.D. Tex. March 28, 2013),
 *aff'd* 636 F.3d 172 (5th Cir. Tex. 2011),
 *cert. denied* 132 S. Ct. 369 (U.S. 2011).............................................18

*Carder v. Continental Airlines, Inc.*
 2014 U.S. Dist. LEXIS 47827 (S.D. Tex. April 7, 2014),
 *aff'd* 595 Fed. Appx. 293 (5th Cir. 2014)...........................................20

*Coffman v. Chugach Support Servs.*
 411 F.3d 1231 (11th Cir. Fla. 2005) ......................................................4

*Crews v. City of Mt. Vernon*
 567 F.3d 860 (7th Cir. 2009) ....................................... 14, 15, 16, 18, 23

*Duffer v. United Cont'l Holdings, Inc.*
 2016 U.S. Dist. LEXIS 41514 (N.D. Ill. Mar. 29, 2016) ................. 12, 19, 20, 21

*Gross v. PPG Indus. Inc.*
 636 F.3d 884 (7th Cir. 2011) ................................. 7, 13, 14, 15, 16, 17

*International Ass'n of Machinists & Aerospace Workers v. Republic Airlines*
 761 F.2d 1386 (9th Cir. 1985) .............................................................19

*Jordan v. Air Prods. & Chems., Inc.*
 225 F. Supp. 2d 1206 (C.D. Cal. 2002) .................................................4

*McLain v. City of Somerville*
 424 F. Supp. 2d 329 (D. Mass. 2006).....................................................4

*Miller v. City of Indianapolis*
 281 F.3d 648 (7th Cir. 2002) ...............................................................17

*Monroe v. Std. Oil Co.*
 452 U.S. 549, 101 S. Ct. 2510 (1981).................................................15

*Palmer v. United States*
 219 F.3d 580 (6th Cir. 2000) ................................................................4

## <u>TABLE OF AUTHORITIES CONT'D</u>

### <u>CASES</u>

*Rogers v. City of San Antonio*
  392 F.3d 758 (5th Cir. 2004) .................................................... 9, 11, 15

*Rosyn v. Northwest Airlines, Inc.*
  2005 U.S. Dist. LEXIS 45193 (D. Minn. 2005)...................................18

*Sandoval v. City of Chicago*
  560 F.3d 703 (7th Cir. 2009) ...................................................17

*Scott v. Atchison, T. & S. F. Railway*
  1976 U.S. Dist. LEXIS 17055 (C.D. Cal. 1976) ...................................22

*Serricchio v. Wachovia Secs. LLC*
  658 F.3d 169 (2nd Cir. 2011) ...................................................6, 9

*Switchmen's Union of N. Am., AFL-CIO v. Southern Pacific Co.*
  398 F.2d 443 (9th Cir. 1968) ...................................................19

*Trenkler v. United States*
  268 F.3d 16 (1st Cir. 2001)...................................................5

*Violetto v. Vill. of Tinley Park*
  130 F. Supp. 3d 1179 (N.D. Ill. 2015) ..................................... 14, 17, 18

*Wrigglesworth v. Brumbaugh*
  121 F. Supp. 2d 1126 (W.D. Mich. 2000) ...........................................4, 5

### <u>STATUTES</u>

38 U.S.C. § 4303(2) ...................................................16

38 U.S.C. § 4316................................................... 7, 10, 11

45 U.S.C. § 151a...................................................20

20 C.F.R. § 1002.213 ...................................................23

I.      HUHMANN ALLEGED FEDEX DISCRIMINATED AGAINST HIM
        IN VIOLATION OF 38 U.S.C. § 4311(a). THE DISTRICT COURT
        FOUND FEDEX VIOLATED § 4311(a).

Although Huhmann twice states he alleged no claim for discrimination under USERRA [Appellee Brief, Dkt. 19, at pages 2, 3], he also states he asserted a discrimination claim and the district court properly found in his favor [Appellee Brief, Dkt. 19, at pages 6 and 7].

The First Amended Complaint ("FAC") expressly states a claim for discrimination under § 4311. At paragraph 24, the FAC states, "USERRA prohibits 'discrimination against persons because of their service in the uniformed services.' 38 U.S.C. § 4301(a)(3)." The FAC at paragraph 25 states, "Section 4311 of USERRA protects persons who serve in the uniformed services from acts of discrimination and reprisal . . ." [E.R. Tab 12, page 268] At paragraph 29, the FAC states, "Section 4311(c) further provides "An employer shall be considered to have engaged in actions prohibited: (1) under subsection (a), if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been

taken in the absence of such membership, application for membership, service, application for service or obligation for service." [E.R. Tab 12, page 268]

Huhmann's Opposition to the Motion for Judgment on the Pleadings affirmed he claimed discrimination under § 4311, stating, "Plaintiff's claims, which he has sufficiently pleaded . . . arise out of a federal statutory right not to be discriminated against based on military service conferred by . . . 38 U.S.C. § 4301, et seq." [ER Tab 10 at page 206, lines 13-17] It further states, "Plaintiff's First Amended Complaint, which is the operative pleading at issue, clearly states that Plaintiff . . . . is seeking redress for discrimination based upon his 'obligation to perform service in a uniformed service.' (Dkt. 11 at ¶¶ 30, 32-39) USERRA prohibits 'discrimination against persons because of their service in the uniformed services.' (38 U.S.C. § 4311(a)(3).) Section 4311 of USERRA protects persons who service in the uniformed services from acts of discrimination, such as the denial of any benefit of employment on the basis of their membership in the uniformed services." [E.R. Tab 10, page 213, lines 19-27]

The district court found § 4311(a) applicable and held FedEx discriminated against Huhmann in violation of § 4311. [E.R. Tab 2 pages 7 and 14]

2

Huhmann asserts the district court properly applied the language of §§ 4312 and 4313 and cases analyzing those statutes to Huhmann's claim under § 4311. Section 4312 is entitled "Reemployment rights of persons who serve in the uniformed services." Huhmann made no claim FedEx failed to reinstate him. Section 4313 is entitled "Reemployment positions." Huhmann made no claim FedEx failed to place him in the correct position. As required by § 4313, FedEx allowed Huhmann to enter MD-11 First Officer training upon his return to FedEx and placed Huhmann in the MD-11 First Office position after he qualified for the seat. Indeed, the district court found FedEx complied with § 4313. [E.R. Tab 2, page 11, ¶ 19] The escalator provision in § 4313 did not apply to Huhmann's claim for a benefit that was earned when the Collective Bargaining Agreement was signed in October 2006 before Huhmann returned from his leave.

## II.    THE DISTRICT COURT ERRED WHEN IT RELIED ON §§ 4312 AND 4313 TO FIND DISCRIMINATION OCCURRED. THE CLAIM FOR A LARGER BONUS SHOULD BE ANALYZED UNDER § 4316 BECAUSE THE BONUS WAS EARNED WHILE HUHMANN WAS ON HIS MILITARY LEAVE.

### A.    Sections 4312 and 4313 serve a different purpose and have different requirements than § 4311.

In *Wrigglesworth v. Brumbaugh*, 121 F. Supp. 2d 1126, 1134-1135 (W.D. Mich. 2000), the court noted USERRA's statutory language scheme demonstrates two separate and distinct statutory protections. Section 4312 provides a "very different statutory protection [from § 4311 prohibition against discrimination] in that it creates a limited entitlement to re-employment for certain qualifying service members . . . [which] applies only to returning service members under conditions specifically stated in the statute . . . . Section 4312 neither contains nor implies a proof of discrimination requirement." Section 4311 requires plaintiff show discrimination was a motivating factor. Section 4312 does not. The statutory wording is clear and is to be enforced even without resort to legislative history, agency interpretation and case precedents. *Wrigglesworth*, *id*. at 1134-1135 (*citing Palmer v. United States*, 219 F.3d 580, 583 (6th Cir. 2000) (federal courts must enforce unambiguous statutes according to their terms)); *Coffman v. Chugach Support Servs*., 411 F.3d 1231, 1234 (11th Cir. Fla. 2005) (USERRA §§ 4311 and 4312 provide separate and distinct statutory protections for service members); *Jordan v. Air Prods. & Chems., Inc.*, 225 F. Supp. 2d 1206, 1208 (C.D. Cal. 2002) (USERRA §§ 4311 and 4312 are independent, with only § 4311 requiring a finding of discriminatory intent.), *McLain v. City of Somerville*, 424 F. Supp. 2d 329, 336 (D. Mass. 2006) ("Once again, familiar canons of statutory construction inform the court that the fact that this exception is expressly included in § 4312, but not in

§ 4311 weighs against reading the exception into § 4311) (*citing Trenkler v. United States*, 268 F.3d 16, 23 (1st Cir. 2001) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.")). The distinction between these statutes is further illustrated by the language in other code sections that protect the same rights as USERRA and that separately list § 4311's protection against discrimination, §§ 4312 and 4313's rights of re-employment, and §§ 4316 to 4318's rights to employee benefits. *Wrigglesworth*, 121 F. Supp. 2d at 1134-1135.

**B.    Sections 4312 and 4313, their regulations and case law interpreting these statutes are inapplicable to Huhmann's claim for discrimination.**

In his brief Huhmann argues §§ 4312 and 4313, their regulations, and case law interpreting those sections should nevertheless be applied to his claim for discrimination. [Brief of Appellee, Dkt. 19, pages 9-11] Such mixing and matching is inappropriate and erasing the distinctions between the different types of claims and their unique requirements. Huhmann did not claim FedEx failed to properly reinstate him or reinstatement him to the proper position, and §§ 4312 and 4313 are inapplicable to Huhmann's claim.

5

Huhmann also argues 20 C.F.R. §§ 1002.236 and 1002.193 apply to his claim for discrimination. Section 1002.236 is contained in a section of the Act entitled "Rate of pay," and is itself entitled, "How is the employee's rate of pay determined when he or she returns from a period of service." It is prospective, and addresses rate of pay earned in the new position. It does not apply to a benefit earned before the employee returned to work. Similarly, § 1002.193 is contained in a subsection of the Act entitled "Reemployment Position," and is itself entitled, "Does the reemployment position include elements such as seniority, status and rate of pay?" Section 1002.193 also addresses rate of pay for the reinstatement position and not a bonus earned while the employee was on leave.

Huhmann relies upon *Serricchio v. Wachovia Secs. LLC*, 658 F.3d 169 (2nd Cir. 2011). This case is distinguishable from Huhmann's claims. In *Serricchio*, plaintiff claimed his employer violated USERRA because it failed to reemploy him promptly and because the reemployment position offered was not of equivalent seniority, status and pay to plaintiff's pre-service position. *Serricchio*, *id.* at 173. The court examined these claims under §§ 4312 and 4313. *Serricchio*, *id.,* at 175. Huhmann simply did not make these claims, and these statutes and case law are inapplicable to his claim.

**C.    Because the signing bonus was a benefit earned while Huhmann was on a military leave of absence, it falls under § 4316.**

USERRA at 38 U.S.C. § 4316 is entitled "Rights, benefits, and obligations of persons absent from employment for service in a uniformed service." According to its terms, § 4316 applies to a claim for a benefit paid while the service member was on leave. *Gross v. PPG Indus. Inc.*, 636 F.3d 884, 889 (7th Cir. 2011) (Section 4316 sets out the rights applicable while a military employee is away from work fulfilling service obligations. Under § 4316, service members absent from employment are deemed to be on a leave of absence. They are entitled to such other rights and benefits not determined by seniority as are generally provided by the employer to other similarly situated employees on a leave of absence); 38 U.S.C. § 4316(b)(1)(A)-(B).

The right to a signing bonus vested on October 30, 2006, when the CBA was signed. Huhmann was on military leave during the entire amendable period. [E.R. Tab 4, page 79; E.R. Tab 6, page 97 line 11 through page 93 line 3; E.R. Tab 2, page 2, 3 ¶¶ 8, 11] *See Request for Judicial Notice* 2006 Collective Bargaining Agreement at page 699. The first payment of the signing bonus occurred while Huhmann was on leave, and the second payment occurred after Huhmann returned from leave. [E.R. Tab 4, page 79, final bullet point] Pilots on a long term military

7

leave, such as Huhmann, received the bonus when they returned to active service with FedEx. [E.R. Tab 4, page 79, third bullet point]

### D.    The district court erred when it applied the escalator provision from § 4313 and found Huhmann was entitled to a larger signing bonus as a result.

The district court analyzed the replacement position Huhmann was entitled to receive under §§ 4312 and 4313. [E.R. Tab 2, page 9-12] After determining Huhmann was entitled to a MD-11 First Officer position, the district court found Huhmann showed his military service was considered when paying him the smaller bonus and required FedEx to prove it would have paid the smaller bonus despite the military service. [E.R. Tab 2, page 9-13] This was in error because Huhmann never made a claim FedEx placed him in the wrong position or failed to properly reinstate him.

In his brief, Huhmann cites to the DOL's statements in its Veterans Employment and Training Service (VETS) regarding the escalator provision. [Appellee's Brief at pages 12-13] This section of VETS relates to rate of pay for the reinstatement position and references a "pay increase, differential, step increase, merit increase or performance bonus." The signing bonus is none of these things. It was not pay based on merit or performance. It was a one-time payment

intended to ensure ratification of a CBA by pilots actively employed and able to ratify the CBA.

In support of his argument the signing bonus was subject to the escalator principle, Huhmann cites to the inclusion of the word "bonus" as an element of pay by the Department of Labor in its amicus brief as cited by the court in *Serricchio*, 658 F.3d at 183-185. *Serricchio* involved an alleged failure to properly reinstate the returning service member. No such claim was made by Huhmann, and the analysis in *Serricchio* does not apply to Huhmann's claim. Further, this argument seeks to nullify § 4316's differing treatment of seniority and non-seniority benefits. *Rogers v. City of San Antonio*, 392 F.3d 758, 769-770 (5th Cir. Tex. 2004) ("Congress decided to adopt new § 4316(b)(1) to provide more specifically and affirmatively for the accrual of non-seniority rights and benefits by employees while on military duty, rather than continue to rely on the general prohibition against service-related denials of benefits for that purpose. Congress sought by § 4316(b)(1) to guarantee a measure of equality of treatment with respect to military and non-military leaves and to strike an appropriate balance between benefits to employee-service persons and costs to employers. USERRA does not authorize the courts to add to or detract from that guarantee or to restrike that balance.").

9

The district court erred by applying the escalator provision from § 4313 to a non-seniority-based benefit covered by § 4316(b). It compounded this error by finding FedEx's failure to apply the escalator provision to the bonus constituted evidence of discrimination and shifting the burden to FedEx to show the smaller bonus would have been paid despite the military leave. Finally, it ignored FedEx's explanation that it paid the smaller bonus because the language of the Signing Bonus Letter dictated and it was not a seniority-based benefit, resulting in no application of an escalator principle.

**E.      Section 4316 treats seniority-based and non-seniority-based benefits differently. The district court erred by not determining whether the signing bonus was a seniority-based benefit.**

Section 4316(a) addresses seniority-based benefits, and it contains an escalator provision. 38 U.S.C. § 4316 (a) ("A person who is reemployed under this chapter [38 U.S.C. §§ 4301 et seq.] is entitled to the seniority <u>and other rights and benefits determined by seniority</u> that the person had on the date of the commencement of service in the uniformed services <u>plus the additional seniority and rights and benefits that such person would have attained if the person had remained continuously employed</u>.") (emphasis added).

10

Section 4316(b) addresses non-seniority-based benefits, and provides no "escalator" provision. Rather § 4316(b) states the service member should be treated the same as employees on other types of leave. 38 U.S.C. § 4316(b)(1) and (3) ("a person who is absent from a position of employment by reason of service in the uniformed services shall be--(A) deemed to be on furlough or leave of absence while performing such service; and (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service. . . . (3) A person deemed to be on furlough or leave of absence under this subsection while serving in the uniformed services shall not be entitled under this subsection to any benefits to which the person would not otherwise be entitled if the person had remained continuously employed.") (emphasis added). *See Rogers v. City of San Antonio*, 392 F.3d 758, 764 (5th Cir. Tex. 2004) ("USERRA does not grant escalator protection to service members' non-seniority rights and benefits but provides only that the employer treat employees absent because of military service equally with employees having similar seniority, status, and pay who are on comparable non-military leaves of absence under a contract, agreement, policy, practice, or plan in effect at any time during that uniformed

11

service.") (emphasis added); *Duffer v. United Cont'l Holdings, Inc.*, 2016 U.S. Dist. LEXIS 41514 at *24-25 and *27-28 (N.D. Ill. Mar. 29, 2016) (Under § 4316(a), service members are entitled to benefits 'determined by seniority' when reemployed after military leave. Seniority means longevity in employment together with any benefits of employment that accrue with, or are determined by, longevity in employment. Under § 4316(b)(1)(B), service members are entitled to non-seniority benefits once reinstated if the employer provides the same benefits to employees having similar seniority, status, and pay who are on furlough or leave of absence. If the non-seniority benefits vary according to the type of leave, then the service member must receive the most favorable treatment accorded to any comparable form of leave.").

To fall under § 4316(a), Huhmann had to offer evidence the signing bonus was determined by seniority. He offered no such evidence and actually denied seniority was relevant. The Signing Bonus Letter makes no reference to seniority, as the bonus was not determined by longevity in employment. Rather, it was determined by crew seat and the amount of time worked during the amendable period. Because § 4316 treats seniority-based benefits differently from non-seniority-based benefits, the district court needed to determine whether the signing

bonus was a seniority-based benefit. The district court did not make this determination.

Huhmann argues he was not treated more favorably than employees on other types of leave because FedEx had to treat him as though he was actively employed. Not true. Under § 4316(b)(1)(A), FedEx had to treat Huhmann as though he was on "a furlough or leave of absence." Further, under § 4613(b)(3), Huhmann was not "entitled under [subsection (b)] to any benefits to which [he] would not otherwise be entitled if [he] had remained continuously employed." *Austin v. Sears, Roebuck & Co.*, 504 F.2d 1033 (9th Cir. 1974) ("When a benefit is justifiably attached to actual time on the job as an earned benefit, that benefit need be offered to the returning veteran <u>only on the same basis as it is offered to other employees returning from nonmilitary leaves</u> . . . . A contrary conclusion would place these appellees in a better position than those who remained in Sears' employment on nonmilitary leave during the same period.") (emphasis added).

FedEx did not pay employees on other types of leave any bonus if they were absent during the entire amendable period. [E.R. Tab 2, pages 3-4, ¶¶ 18, 19; Tab 4, page 79, first bullet point] Failing to pay Huhmann a higher bonus, as opposed to no bonus, is not discriminatory. *Gross v. PPG Indus. Inc.*, 636 F.3d 884, 888-889 (7th Cir. Wis. 2011) (no discrimination shown by employer's failure to treat

13

returning service member more favorably than employees on other types of leave); *Crews v. City of Mt. Vernon*, 567 F.3d 860 (7th Cir. 2009) (rejecting a claim that § 4311 required employers to provide military employees benefits that exceeded the benefits offered to its other employees generally); *Violetto v. Vill. of Tinley Park*, 130 F. Supp. 3d 1179, 1184 (N.D. Ill. 2015) ("Section 4311 of USERRA requires equal treatment for military and non-military employees; it is not intended to protect an employer's decision to provide additional preferential treatment to military employees beyond that provided to non-military employees.").

## III.  FEDEX DID NOT DISCRIMINATE AGAINST HUHMANN WHEN IT PAID HIM THE SMALLER SIGNING BONUS.

There was no evidence offered that FedEx treated Huhmann less favorably than similarly situated employees on other types of leave. As a result, the burden never shifted to FedEx to prove it would have paid Huhmann the smaller bonus despite his military leave. The evidence was FedEx treated Huhmann better than employees on other types of leave, and he cannot establish a claim for discrimination.

In *Gross v. PPG Indus. Inc.*, 636 F.3d 884 (7th Cir. Wis. 2011), the district court granted summary judgment, holding the employer did not discriminate under

14

§ 4311 when it failed to calculate differential pay provided to a service member while he was deployed in the method most advantageous to the service member. On appeal, Gross claimed the district court erroneously concluded § 4311 did not obligate his employer to provide him with differential pay to supplement his military salary because the differential pay policy was a "benefit of employment" protected by USERRA. Gross argued the court's reading of 'any benefit of employment' failed to account for the fact that as an anti-discrimination provision, § 4311 protected a broader category of rights than those outlined in § 4316 applicable to service members on leave. The Seventh Circuit rejected this argument, stating, "In *Crews*, we first considered the plaintiff's claim under § 4316 and concluded that because subsection (b)(1) requires 'only equal but not preferential' treatment for military employees the [employer] had no obligation under § 4316 to afford preferential scheduling benefits to [Crews]." *Gross*, 636 F.3d at 890 (*citing Rogers v. City of San Antonio*, 392 F.3d 758, 769 (5th Cir. 2004)); *see also Monroe v. Standard Oil Co.*, 452 U.S. 549, 561, 101 S. Ct. 2510, 69 L. Ed. 2d 226 (1981) (holding that USERRA's predecessor statute did not require employers to provide special benefits unavailable to other employees to military reservists)."

In *Gross*, the Seventh Circuit affirmed it prior holding in *Crews v. City of Mt. Vernon*, 567 F.3d 860 (7th Cir. 2009), holding although § 4311 provided the servicemen "shall not be denied . . . any benefit of employment by an employer on the basis of his membership in or obligations arising from the uniformed service," and although Section 4303(2) defined a benefit of employment as "any advantage, profit, privilege, gain, status, account, or interest (other than wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice," § 4311, as an anti-discrimination provision, protected only those benefits of employment provided to both military and non-military employees alike. *Gross, id.,* at 890-891.

In reaching its holding, the Seventh Circuit in *Gross* expressly rejected the argument that the language guaranteeing any benefit of employment under § 4311 offered broader protection than § 4316, stating,

> [W]e explicitly considered and rejected such a claim in *Crews*. Indeed, after considering the plaintiff's claim under § 4316, we continued to analyze whether it could succeed under § 4311. We acknowledged that nothing in the text of § 4311 or § 4303(2) (defining 'benefit of employment') limited 'benefit of employment' to those benefits extended to both military and non-military employees alike. *Crews*, 567 F.3d at 866. Nonetheless, we ultimately concluded that such an interpretation made sense in light of § 4311's anti-discrimination purpose, which serves to protect military

16

> employees from discrimination, not provide them with preferential treatment.

*Gross*, *id*. at 890 (citing *Sandoval v. City of Chicago*, 560 F.3d 703, 704-05 (7th Cir. 2009) (Section 4311 is an antidiscrimination rule that provides military employees "an equal-treatment norm."); *Miller v. City of Indianapolis*, 281 F.3d 648, 650 (7th Cir. 2002) ("USERRA prohibits discrimination[.] . . . It does not expressly require paid military leave.")); *Violetto v. Vill. of Tinley Park*, 130 F. Supp. 3d 1179, 1184 (N.D. Ill. 2015) ("Section 4311 of USERRA requires equal treatment for military and nonmilitary employees; it is not intended to protect an employer's decision to provide additional preferential treatment to military employees beyond that provided to non-military employees.")

Huhmann cannot show discrimination because under § 4316(b), he was not entitled to a signing bonus not paid to other employees absent from employment during the entire amendable period. As Huhmann's counsel noted in oral argument before the district court, "USERRA does protect non-seniority-based benefits. It's very clear. That's the *Walter Meier* case out of Texas. If a non-seniority-based benefit is conferred upon others on similar forms of leave, it must be conferred to those on military leave." [E.R. Tab 8, page 179-180] In other words, those on military leave should be treated as well as those on other forms of leave. Huhmann was. Here, the Signing Bonus Letter provided more favorable treatment to

Huhmann than he was due under the statute. Failure to provide more favorable treatment does not constitute discrimination. *Crews*, 567 F.3d at 866; *Violetto*, 130 F. Supp. 3d at 1184.

## IV. HUHMANN'S CLAIM HE WAS ENTITLED TO A LARGER BONUS RAISED A MINOR DISPUTE UNDER THE RAILWAY LABOR ACT AND WAS SUBJECT TO MANDATORY ARBITRATION.

Huhmann's claim the Signing Bonus Letter is not part of the collective bargaining agreement is simply incorrect. The Signing Bonus Letter was part of the negotiation of the collective bargaining agreement, and it is attached to and made part of the collective bargaining agreement as a Letter of Agreement between FedEx and the union in the CBA. See Request for Judicial Notice 2006 Collective Bargaining Agreement pages 284, 701-702.

Courts have consistently held that claims under federal discrimination statutes, including § 4311 of USERRA, can be subject to arbitration when the claim requires an interpretation of a collective bargaining agreement. *See, e.g.*, *Addington v. US Airline Pilots Ass'n*, 791 F.3d 967, 976 (9th Cir. 2015); *Carder v. Continental Airlines, Inc.*, 2013 U.S. Dist. LEXIS 121131 at *12-13 (S.D. Tex. Mar. 28, 2013), *aff'd* 636 F.3d 172 (5th Cir. Tex. 2011), *cert. denied* 132 S. Ct. 369 (U.S. 2011); *Rosyn v. Northwest Airlines, Inc.* 2005 U.S. Dist. LEXIS 45193,

at *7-8 (D. Minn. 2005) (claim for discrimination under USERRA is precluded by the Railway Labor Act if the claim depends upon an interpretation of the collective bargaining agreement for its resolution); *International Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985) (noting any controversy involving the "meaning or proper application of a particular provision in an existing collective bargaining agreement" is a minor dispute, "to be resolved through binding arbitration before an adjustment board."); *Switchmen's Union of N. Am., AFL-CIO v. Southern Pacific Co.*, 398 F.2d 443, 446-447 (9th Cir. 1968) ("When the position of either side in a controversy between a railroad company and a union representing some of its employees goes no further than to put in bona fide issue the interpretation of an existing contract, only a minor dispute is involved."); *Association of Prof'l Flight Attendants v. American Airlines*, 1998 U.S. App. LEXIS 22353 at *4-5 (9th Cir. 1988) (noting the minor dispute determination "is not a stringent one in view of the substantial and long-standing interest in removing labor disputes from the federal courts and placing them in the expert hands of the arbitration facilities.").

Huhmann's attempt to distinguish *Carder* falls short. He relies upon *Duffer v. United Cont'l Holdings, Inc.*, 2016 U.S. Dist. LEXIS 41514 (N.D. Ill. Mar. 29, 2016). *Duffer* distinguished *Carder* from the circumstances before the court in

*Duffer* because in *Carder* the court <u>found it would have to interpret the CBA.</u> *Duffer*, 2016 U.S. Dist. LEXIS 41514 at *54. The *Duffer* court noted in *dicta* that *Carder* did not answer the predicate question of whether the Railway Labor Act extends to USERRA after *McKinney*. *Id.*

Huhmann also cites *Duffer* for the proposition that, "So long as the parties do not dispute the interpretation of the collective bargaining agreement, or the disputed provisions of the agreement are relevant but not dispositive, then the underlying federal claim is not precluded by the Railway Labor Act." [Brief of Appellee, Dkt. 19, at pg. 26] FedEx agrees. If interpretation is required on a dispositive issue, then there is preemption. Interpretation was required here.

By applying the escalator principle to the signing bonus, the district court treated the signing bonus as though it were a seniority-based benefit. [E.R. Tab 3, page 37 at footnote 4] Since there is no mention of seniority in the Signing Bonus Letter, and no evidence the bonus was based on seniority, the district court would have to interpret the Signing Bonus Letter, or other parts of the CBA, to determine whether the signing bonus was seniority-based and fell under § 4316(a) or (b). And, if interpretation is required, the claim is a minor dispute subject to the mandatory arbitration provisions of the RLA. *See* 45 U.S.C. § 151a; *See Carder v. Continental Airlines, Inc.*, 2014 U.S. Dist. LEXIS 47827 (S.D. Tex. April 7, 2014)

20

(noting benefits were established by the collective bargaining agreement, finding the plaintiffs identified no disparities "that rise above 'minor dispute' status," and holding "Claims that fall into the category of minor disputes are not subject to litigation.").

## V.   PAYMENT OF IMPUTED INCOME INTO A PENSION FUND BASED ON RETROACTIVE MD-11 FIRST OFFICER STATUS IS IRRELEVANT TO HUHMANN'S CLAIM FOR DISCRIMINATION.

Huhmann argues FedEx conceded the escalator principle applies to the bonus because it paid Huhmann pension benefits as though he were an MD-11 First Officer in 2003. Not true.

USERRA requires employers to provide returning service members with rights and benefits under a pension plan as though they were actively employed during the duration of their military leave. *Duffer*, 2016 U.S. Dist. LEXIS 41514 at *18 (N.D. Ill. Mar. 29, 2016) (USERRA requires employers to provide certain benefits to returning service members, including rights and benefits under a pension plan). FedEx entered into a settlement agreement with the pilots' union, under which Huhmann was designated an MD-11 First Officer for imputed earnings purposes effective May 24, 2003, and made contributions to Huhmann's retirement plan as though he was a first officer for the duration of his military

21

leave. [Tab 2, page 3, ¶ 17] The settlement was not an acknowledgement by FedEx that Huhmann was entitled to retroactive designation to the MD-11 First Officer for a non-seniority-based signing bonus.

## VI.   HUHMANN'S PASSAGE OF THE MD-11 FIRST OFFICER TRAINING CANNOT SATISFY BOTH THE HINDSIGHT AND THE FORESIGHT PARTS OF THE REASONABLE CERTAINTY TEST.

Even if the reasonable certainty test applies, Huhmann did not satisfy it.

Huhmann argues because he failed no test in the training and passed the MD-11 First Officer training, it was reasonably certain he would have passed that training in 2003. This conflates the foresight and the hindsight parts of the reasonable foreseeability test. If passing the test was enough (the hindsight portion), then there would be no reason for the foresight part of the test.

Promotion to the MD-11 First Officer crew seat depended on fitness and ability on Huhmann's part and on the discretion of the flight instructors who granted the certification to Huhmann. Not all pilots passed the training. Under these circumstances, it cannot be reasonably certain as a matter of foresight that Huhmann would have been promoted in 2003. *Scott v. Atchison, T. & S. F. Railway*, 1976 U.S. Dist. LEXIS 17055 (C.D. Cal. 1976) (when advancement

depends upon discretion of the employer or the increased skill and proficiency of the employee cannot show the reasonable certainty he would have been promoted); 20 C.F.R. § 1002.213 (A reasonable certainty is a high probability that the employee would have received the seniority or seniority-based right or benefit if he or she had been continuously employed).

## VII.     CONCLUSION

Section 4316 applies to the signing bonus because it is a benefit earned during Huhmann's leave of absence. Section 4316 has an escalator principle for seniority-based benefits and no escalator principle for non-seniority-based benefits. The district court erred by failing to determine whether the bonus was a seniority-based benefit and by applying the escalator principle applicable to claims under §§ 4312 and 4313. In order to determine whether the bonus was a seniority based benefit, it is necessary to interpret the Signing Bonus Letter, which is a part of the CBA. As such, the claim constituted a minor dispute under the RLA subject to mandatory arbitration.

The district court erred when it found FedEx discriminated against Huhmann. FedEx treated Huhmann more favorably than required by § 4316(b), which only required FedEx treat Huhmann the same as other employees on other

types of leave. Under *Gross* and *Crews*, failure to treat Huhmann more favorably than employees on other types of leave, even if required by an employment contract, does not constitute discrimination under § 4311.

## VIII.   CERTIFICATE OF COMPLIANCE

I certify under Ninth Circuit Rule 32-1 this brief complies with Fed. R. App. P., Rule 32(a) (7) (B) (1). This brief uses a proportionally spaced 14-point Times New Roman font and contains 5963 words.

Dated:  June 3, 2016                    Respectfully submitted,


By:   */s/ Jane M. Flynn*_____
               JANE M. FLYNN

Attorney for Defendant and Appellant
FEDERAL EXPRESS CORPORATION

9th Circuit Case Number(s) | 15-56744

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | Jun 3, 2016 | .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | /s/ Lilly Hernandez

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | | .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format) |

1

## SERVICE LIST

2
Case Name:          Dale Huhmann v. Federal Express Corporation
Case Number:        15-56744

3

The following are attorneys of record for all parties to this appeal:

4

5
Brian J. Lawler                                    Attorney for Plaintiff Dale Huhmann
PILOT LAW, P.C.
1551 9th Avenue
6
San Diego, CA 92101
Telephone:  (619) 255-2398
7
Facsimile:  (691) 231-4984
blawler@pilotlawcorp.com

8

9
Jane M. Flynn                                      Attorneys for Defendant Federal Express
Federal Express Corporation                        Corporation
2601 Main Street, Suite 340
10
Irvine, California  92614
Telephone:  (949) 862-4643
11
Facsimile:  (949) 862-4605
jane.flynn@fedex.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1017042 (60-14213)                                 3